J-S48040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELLOYD KAREEM KEYES | |
| Appellant | No. 363 WDA 2015 |

Appeal from the PCRA Order of February 25, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0002962-2012

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED DECEMBER 14, 2015**

Elloyd Kareem Keyes appeals the February 25, 2015 order dismissing his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.*, without a hearing pursuant to Pa.R.Crim.P. 907.  Keyes contends that trial counsel was constitutionally ineffective for failing to argue that the mandatory minimum sentence imposed upon his underlying guilty plea to manufacture, delivery, or possession with intent to deliver, a controlled substance, 35 P.S. § 780-113(a)(3), was illegal following the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013), which had issued several months before Keyes

entered his plea and was sentenced.[1]  We agree with Keyes that counsel constitutionally was ineffective.  Consequently, we reverse the PCRA court's order, we vacate Keyes' guilty plea, and we remand for further proceedings.

Because the factual background of this case is immaterial to our decision, we relate only its procedural history.  On October 18, 2012, the Erie Bureau of Police filed a criminal complaint against Keyes.  Therein, the police charged Keyes with numerous crimes arising from an encounter in which they arrested Keyes, who was subject to an outstanding bench warrant, and discovered on his person a substantial amount of marijuana packaged in fifty small baggies and a vessel containing approximately seven grams of crack cocaine.

On November 6, 2013, Keyes pleaded guilty to the above-mentioned crime.  On his signed guilty plea form, Keyes acknowledged that the charge to which he pleaded guilty subjected him to a mandatory minimum sentence of three years' incarceration and a $10,000 fine.  **See** Defendant's Statement of Understanding of Rights Prior to Guilty Plea ("Guilty Plea Form"), 11/6/2013; **see also** 18 Pa.C.S. § 7508(a)(3)(i) (imposing three-year mandatory minimum for conviction of possessing two or more grams of a coca-derived compound), *deemed unconstitutional by* **Commonwealth v.**

_____

[1]  The Supreme Court released its decision in **Alleyne** on June 17, 2013. Keyes pleaded guilty on November 6, 2013.  Keyes was sentenced *in absentia* on January 21, 2014.

- 2 -

***Thompson***, 93 A.3d 478 (Pa. Super. 2014). He orally acknowledged possession of 7.3 grams of crack cocaine during his plea proceeding, as well. **See** Notes of Testimony—Guilty Plea Proceeding ("N.T. Plea"), 11/6/2013, at 7-8. In return for Keyes' plea, the Commonwealth *nolle prossed* all other charges.

On January 21, 2014, Keyes, who was free on bail, failed to appear for sentencing. The trial court noted that Keyes had a prior record score of 5. **See** Notes of Testimony—Sentencing, 1/21/2014, at 7. The trial court further indicated that it had reviewed a presentence report; Pennsylvania's sentencing guidelines; Keyes' background and rehabilitative needs; what appeared to be Keyes' long-standing issues with substance abuse; and the fact that Keyes had accepted responsibility for his crimes. **Id.** With Keyes *in absentia*, the trial court sentenced him under section 7508 to the prescribed mandatory minimum sentence of three to six years' incarceration and the mandatory $10,000 fine. Keyes did not file post-sentence motions and did not file a direct appeal to this Court.

On October 23, 2014, Keyes filed a timely *pro se* petition under the PCRA. On October 28, 2014, the PCRA court appointed the Erie County Public Defender to represent Keyes. After some delay associated with counsel's effort to obtain the relevant transcripts, counsel filed an amended petition on December 23, 2014, wherein counsel asserted that the imposition of the section 7508 mandatory minimum sentence was illegal under **Alleyne** and subsequent Pennsylvania case law, and that trial counsel

was ineffective for failing to inform Keyes or the trial court of that fact. On this basis, Keyes asked that he be permitted to withdraw his guilty plea or that the case be remanded for resentencing without the application of the mandatory minimum sentence.

On January 30, 2015, the PCRA court entered a notice under Pa.R.Crim.P. 907 indicating its intent to dismiss Keyes' petition without conducting a hearing, and setting forth several bases for doing so. On February 25, 2015, the PCRA court entered an order dismissing Keyes' petition. On February 27, 2015, Keyes filed the instant, timely appeal. The PCRA court did not direct Keyes to file a concise statement of the errors complained of on appeal. In lieu of a new opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court entered a brief document directing this Court to its earlier Rule 907 notice as reflecting the court's reasoning for dismissing Keyes' petition. Accordingly, this matter is now ripe for our review.

Keyes' raises the following issue:

> Whether the PCRA Court erred when it dismissed [Keyes']
> Petition in which he argued that he was serving an illegal
> sentence and that his plea counsel was ineffective both for failing
> to challenge the application of the mandatory minimum sentence
> and for failing to inform [Keyes] about decisional law that the
> mandatory minimum sentencing statute that applied was
> unconstitutional?

Brief for Keyes at 5.

Our standard of review of a PCRA court order granting or denying relief calls upon us to determine "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011). We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Jordan,* 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *Id.* It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Commonwealth v. Hardcastle,* 701 A.2d 541, 542-43 (Pa. 1997).

*Wah*, 42 A.3d at 338 (citations modified).

Keyes raises two issues. First, he contends that he is entitled to sentencing relief because his mandatory minimum sentence is unconstitutional, and hence illegal, following the United States Supreme Court's decision in *Alleyne* and our decision in *Thompson*. Second, Keyes contends that his trial counsel was constitutionally ineffective for failing to recognize, advise him, and argue before the trial court that the application of the mandatory minimum was unconstitutional and hence illegal under

*Alleyne*. Keyes also argues that counsel was ineffective for failing to raise the issue in a direct appeal, when, as per the above analysis, this Court would have applied *Alleyne* and its Pennsylvania progeny. On this basis, Keyes maintains that he should be entitled to withdraw his plea. We agree that Keyes is entitled to the relief he requests on the latter issue, and we afford him that remedy for the reasons that follow. In light of our disposition, we need not consider Keyes' first stated issue.

A claim of ineffective assistance of counsel ("IAC") is governed by the following standard:

> [I]n order to obtain relief based on [an IAC] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2005) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-20 (Pa. 2001).

Very recently, in *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa. Super. 2015), a panel of this Court considered a materially identical claim. In that case, the appellee pleaded guilty, *inter alia*, to possession of a controlled substance with intent to deliver. Ultimately, the appellee was sentenced to five to ten years' incarceration pursuant to the mandatory minimum provision codified at 42 Pa.C.S. § 9721 (imposing a

mandatory five year minimum sentence when a defendant is found in possession of a weapon contemporaneously with possession of narcotics).[2] However, **Alleyne** had been decided approximately five months before the sentence was imposed. **Melendez-Negron**, 123 A.3d at 1090-91. Trial counsel did not inform the appellee of the recent development in the law, nor did counsel bring the issue to the court's attention. The appellee did not file a direct appeal. **Id.** at 1089.

The appellee filed a PCRA petition alleging, *inter alia*, that trial counsel was ineffective for advising the appellee to plead guilty instead of challenging the then-applicable mandatory minimum sentence under **Alleyne**. The PCRA court granted the appellee's petition, and awarded him a new sentence. The Commonwealth appealed.

The panel affirmed the PCRA court's order. The panel explained that, at the time of the appellee's plea, both **Alleyne** and a case from this Court, **Commonwealth v. Munday**, 78 A3d 661 (Pa. Super. 2013), were on the books, and that counsel should have been aware of those cases. **Melendez-Negron**, 123 A.3d at 1090-91. Regarding the prongs of the ineffective assistance of counsel, the panel stated the following:

> [I]n **Alleyne**, the United States Supreme Court found mandatory minimum sentence enhancements unconstitutional where the

_____

[2] This Court held that this mandatory minimum provision was unconstitutional in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), pursuant to the Supreme Court's decision in **Alleyne**.

facts that increase a mandatory minimum sentence are not submitted to a jury and are not required to be found beyond a reasonable doubt. Upon the issuance of the **Alleyne** decision in June 2013, Counsel was on notice that the constitutionality of such sentencing enhancements was in question. There can be no reasonable basis for Counsel's failure to recognize this and to advise [the appellee] to reject a plea agreement that incorporated a sentence based upon [the mandatory minimum sentencing provision.] This is so especially in light of the fact that the application of the [provision] resulted in a sentence that was more than double the aggravated range sentence [the appellee] would have faced.[6] In a situation such as this, where the United States Supreme Court has spoken, counsel need not wait for a pronouncement from a Pennsylvania appellate court. By raising such a claim or at least questioning the constitutionality of [the provision] during plea negotiations, Counsel would not be predicting changes in the law, as the Commonwealth contends, but rather conscientiously advancing an argument based upon the logical extension of **Alleyne** to protect his client's interests.

> [6] This large disparity between the sentence [the appellee] could have received and the sentence he agreed to establishes prejudice for purposes of the ineffective assistance of counsel standard.

**Id.** at 1091-92 (citation omitted).

Finally, the panel discussed the correct remedy for counsel's ineffectiveness. The panel ultimately concluded that, because both parties believed that the mandatory minimum sentence applied, the plea negotiations were tainted from the start. Hence, the panel vacated the guilty plea in its entirety, and remanded the case to the procedural posture of before the entry of the plea. **Id.** at 1094.

There is no question that **Melendez-Negron** controls the instant case, because the circumstances of the two cases nearly are identical. Here, like

in **Melendez-Negron**, Keyes entered his plea approximately five months after **Alleyne**. Keyes' counsel did not inform him of **Alleyne**, nor did counsel argue **Alleyne**'s applicability to the trial court. At the time of sentencing, if Keyes were sentenced pursuant to the sentencing guidelines, instead of a mandatory minimum sentence, the standard range sentence would be a minimum of twenty-four to thirty months' incarceration. Application of the mandatory sentence resulted in a sentence that exceeded the standard range by anywhere from six to twelve months.

Applying the analysis from **Melendez-Negron**, as we must, Keyes has satisfied all three prongs of the ineffective assistance of counsel test. The claim has obvious merit, and, like in **Melendez-Negron**, counsel could not have had a reasonable basis for not challenging the sentence. Finally, prejudice resulted from the higher than standard sentence that necessarily resulted by the imposition of the mandatory minimum sentence.

Finally, as noted above, Keyes acknowledged in the "Defendant's Statement of Understanding of Rights Prior to Guilty Plea" form, his plea subjected him to the mandatory sentence. Thus, the mandatory sentence played at least some role in the plea negotiation process. Consequently, we must afford the same relief as the panel did in **Melendez-Negron**.

Order reversed. Plea vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/14/2015</u>