J-S01027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WALTER PALMER | |
| Appellant | No. 2282 EDA 2015 |

Appeal from the PCRA Order June 29, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003709-1996

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 25, 2016**

Appellant, Walter Palmer, appeals *pro se* from the June 29, 2015 order dismissing as untimely his petition for writ of *habeas corpus*, which the Bucks County Court of Common Pleas treated as Appellant's ninth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We will not fully reiterate the factual background and early procedural history of this case, which this Court fully summarized in our respective dispositions of Appellant's prior appeals.  ***See Commonwealth v. Palmer,*** 700 A.2d 988 (Pa. Super. 1997) (affirming Appellant's convictions for rape and related offenses but remanding for resentencing on direct appeal), *appeal denied*, 716 A.2d 1248 (Pa. 1998); ***Commonwealth v. Palmer,*** 758 A.2d 724 (Pa. Super. 2000) (unpublished memorandum) (affirming the PCRA

court's order denying relief for Appellant's first PCRA petition), *appeal denied*, 795 A.2d 973 (Pa. 2000); **Commonwealth v. Palmer,** 809 A.2d 962 (Pa. Super. 2002) (unpublished memorandum) (affirming the PCRA court's dismissal of Appellant's second PCRA petition as untimely), *appeal denied*, 815 A.2d 1041 (Pa. 2002); **Commonwealth v. Palmer,** 53 A.3d 943 (Pa. Super. 2012) (unpublished memorandum) (affirming the PCRA court's dismissal of Appellant's fifth PCRA petition as untimely and quashing Appellant's appeal from the dismissal of his sixth PCRA petition) (**Palmer IV**). Subsequent to our disposition of Appellant's appeal from the dismissal of his fifth and sixth PCRA petitions, Appellant filed a "Motion for Change of Venue/Venire" on August 22, 2013, which the PCRA court treated as a PCRA petition and dismissed the same on November 22, 2013. On January 12, 2015, Appellant filed a self-titled "Petition for Writ of *Habeas Corpus*," which the PCRA court treated as a PCRA petition and dismissed on April 20, 2015. Appellant did not appeal from either dismissal order.

Undeterred, on May 12, 2015, Appellant filed yet another self-titled "Petition for Writ of *Habeas Corpus*," which the PCRA court again treated as a PCRA petition, Appellant's ninth. The PCRA court filed its notice of intent to dismiss Appellant's petition as untimely on June 8, 2015. Appellant filed a response to the PCRA court's notice on June 22, 2015. The PCRA court filed

its order dismissing Appellant's PCRA petition on June 29, 2015. Appellant

filed a timely notice of appeal on July 24, 2015.[1]

On appeal, Appellant raises the following issue for our consideration.

> Did the Court below err in failing to issue Appellant's petition for a writ of *habeas corpus* pursuant to 42 Pa.C.S.A. § 6501 *et. seq.*, upon the ground of 42 Pa.C.S.A. §§ 3541-46, in light of the fact that the PCRA statutes as Amended during Special Session No.1 of 1995 were unconstitutionally enacted in violation of the Pennsylvania Constitution Article 3 Section 121, in light of **Com[monwealth] v. Sanders**, 743 A.2d 970 ([] Pa. Super. [1999]).

Appellant's Brief at 3.

We proceed cognizant of the following. "Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted). The timeliness of Appellant's petition is our threshold issue "because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." **Commonwealth v. Cristina**, 114 A.3d 419, 421 (Pa. Super.

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed its Rule 1925(a) opinion wherein it incorporated its June 8, 2015, notice of intent to dismiss as containing the full explanation for its decision.

2015) (citations omitted). "Under the PCRA, any petition for post-conviction relief… must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies." *Id.*

As we have noted previously, "Appellant's judgment of sentence became final on June 3, 1998, … [and] Appellant had … until June 3, 1999, to file all PCRA petitions." *Palmer IV*, *supra*, at 7. Appellant recognizes his petition is untimely under the terms of the PCRA but argues that the 1995 amendments to the PCRA, including those imposing the one-year time limit, were improperly enacted and are therefore unconstitutional and invalid.[2] Appellant's Brief at 4. Appellant argues that as a consequence his claims should be addressed in his *habeas corpus* action. *Id.*

This Court has previously addressed and rejected the claim that the 1995 amendments to the PCRA were invalid because they purportedly fell outside the scope of the special legislative session from which they were enacted. *Commonwealth v. Sanders*, 743 A.2d 970, 972 (Pa. Super. 1999) (holding the 1995 PCRA amendments did not fall outside the scope of the designated matter for the legislature's special session and, therefore, did not violate the constitutional prohibition against legislation on subjects outside parameters of a special session, which in this instance the governor's

---

[2] Appellant advances no argument that any of the enumerated exceptions to the time limits for filing a PCRA petition apply.

- 4 -

proclamation called to address issues of crime in Pennsylvania). Appellant acknowledges *Sanders*, but baldly claims its ruling is erroneous. Appellant offers only meagerly supported arguments about the political advisability and consequences of the enactment and offers no legal analysis refuting the *Sanders* holding. Appellant's Brief at 5. As such, *Sanders* controls and Appellant's argument fails.[3]

In light of the foregoing, we conclude Appellant's petition for writ of *habeas corpus* was properly considered as a PCRA petition by the trial court. *See Commonwealth v. Taylor*, 65 A.3d 462, 465-466 (Pa. Super. 2013) (noting "[u]nless the PCRA could not provide a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*"). We further conclude Appellant's petition is patently untimely and no exceptions apply. Accordingly, we resolve that the PCRA court correctly concluded it was without jurisdiction to address Appellant's substantive claims. *See Cristina*, *supra*. We therefore affirm the June 29, 2015 order dismissing as untimely Appellant's ninth PCRA petition.

Order affirmed. Application denied.

---

[3] On December 23, 2015, Appellant filed with this Court a *pro se* application for post-submission communication, attempting to raise new substantive issues, which are also contained in his reply brief. *See* Appellant's Reply Brief at 1; Appellant's Post-Submission Correspondence, 12/23/15, at 1-2. In light of our disposition, Appellant's application is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/2016