J-S36038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VERTIS HENRY DILLON, | |
| Appellant | No. 1985 MDA 2015 |

Appeal from the PCRA Order October 13, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000033-2012; CP-35-CR-0000759-2012; CP-35-CR-0000760-2013

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED MAY 09, 2016**

Vertis Henry Dillon ("Appellant") appeals *pro se* from the order entered in the Court of Common Pleas of Lackawanna County dismissing his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  He contends the court erroneously refused to vacate his aggregated sentence despite conceding it contains an unconstitutional mandatory minimum sentence in violation of *Alleyne v United States*, 133 S.Ct. 2151 (U.S. 2013).  The court took the position that vacating and resentencing would have "no practical effect" since the two aggregated sentences ran concurrently, were coterminous, and the companion sentence was lawful.

The record strongly suggests, however, that the negotiated plea accepted by the court conformed the lawful companion sentence to the

_____
*Former Justice specially assigned to the Superior Court.

terms of the unlawful mandatory minimum sentence in order to create coterminous, concurrently-run sentences. Because the unlawful mandatory minimum sentence formed the centerpiece to the aggregated sentence, we follow precedent calling for vacation of sentence and remand for a new guilty plea hearing.

The PCRA court aptly provides pertinent case history as follows:

On April 16, 2014, [Appellant, with the assistance of counsel,] pled guilty and was sentenced in [cases 12-CR-33, for PWID, and 12-CR-759, for delivery of a controlled substance]. The court determined that [Appellant] would plead guilty to one count of possession with intent to deliver and one count of delivery of a controlled substance and in exchange the Commonwealth would drop the remaining charges as well as the charges in another case [N.T. Guilty Plea and Sentencing, 4/16/14 at 5]. The parties also agreed that the Commonwealth would invoke a three[-]year mandatory minimum in 12-CR-33, that the Commonwealth was recommending that the sentence for each charge would be 3 to 10 years and that the sentences in the two cases would be concurrent to one another, and that the Commonwealth would not oppose making the sentences concurrent to the sentence at 13-CR-760. *Id.* at 5-7. The court imposed the agreed upon 3 to 10 year sentence for each charge and ordered that the sentences would be concurrent to each other and to the sentence previously imposed in 13-CR-760. *Id.* at 15.

\*\*\*

On January 9, 2015, [Appellant] filed a Petition for Post Conviction Collateral Relief, asserting improper computation of credit for time served. [Counsel was appointed to represent Appellant. On February 23, 2015, the Commonwealth filed a response to the PCRA petition. On March 30, 2015, counsel filed a Motion to Withdraw pursuant to a ***Turner-Finley*** Letter. On April 1, 2015, and July 5, 2015, Appellant responded. On September 1, 2015 the PCRA court issued a Memorandum and Notice of Intent to Dismiss the PCRA Petition, and it granted counsel's motion to withdraw. On September 15, Appellant filed a *pro se* answer to the notice of intent to dismiss along with a

new PCRA petition] asserting that his sentence is unlawful pursuant to the United States Supreme Court decision in **Alleyne v. United States**. [The PCRA court] deemed the new petition [ ] an amendment to the original petition[] and dismissed the petition on October 13, 2015. . . .

PCRA Court Opinion, 12/22/16 at 4-5, 3.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court explains its rationale for denying Appellant's collateral appeal seeking vacation of his unlawful sentence and resentencing:

[Appellant] here received the sentences that he agreed to as part of his negotiated plea agreement. The sentences do not exceed the maximum sentences that could have been imposed, and are within the guidelines. They are not excessive, particularly since [Appellant's] prior record score was 5, and since they are concurrent to one another. While the sentence in 12-CR-33 included a mandatory minimum, the sentence in 12-CR-759 did not. Thus, while [Appellant] is correct that the sentence in 12-CR-33 includes a mandatory minimum that is unlawful under **Alleyne**, the sentence is concurrent to the sentence in 12-CR-759 which did not include a mandatory minimum and is lawful. Thus, resentencing [Appellant] would have no practical effect.

**Id.** at 5. This timely appeal followed.

"Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Perez**, 103 A.3d 344, 347 (Pa.Super. 2014) (citation omitted).

In his brief, Appellant contends that he remains subject to both an illegal sentence, which the PCRA court refused to vacate, and a concurrent

sentence (at 12-CR-759) tailored specifically to conform to the illegal sentence. Our review of a challenge to the legality of a sentence is well-established:

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

**Commonwealth v. Orie Melvin**, 103 A.3d 1, 52 (Pa.Super. 2014).

Although both the PCRA court and the Commonwealth concede that the aggregate sentence at issue comprises the illegal sentence at 12-CR-33, they claim resentencing is unnecessary since Appellant would still wind up serving a three to ten year period of incarceration under the concurrently-run sentence under at 12-CR-756, anyway. Our concern with this approach stems from the central role the unlawful mandatory minimum sentence at 12-CR-33 appears to have played in negotiations that shaped an identical sentence at 12-CR-756.

In **Commonwealth v. Melendez–Negron**, 123 A.3d 1087 (Pa.Super. 2015), we held that remanding for a new guilty plea hearing—as opposed to resentencing—was the proper remedy when a mandatory minimum sentence later declared unconstitutional under **Alleyne** influenced a negotiated guilty plea. As in the case *sub judice,* Melendez–Negron and the Commonwealth entered into a negotiated plea under the misapprehension that a mandatory minimum sentencing statute applied, and it is well settled that in plea negotiations, "both parties to a negotiated plea agreement are entitled to

receive the benefit of their bargain." *Id.* at 1093 (citations omitted). Accordingly, we concluded "the shared misapprehension that the mandatory minimum sentence required by § 97[12].1 applied to Melendez–Negron tainted the parties' negotiations at the outset. [T]he parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning." *Id.*

In the present case, the parties and the trial court understood that Appellant faced a three to ten year mandatory minimum sentence based on the weight of crack cocaine he possessed with the intent to deliver at 12-CR-33. This understanding provided the framework for all negotiations leading to the negotiated plea agreement and, thus, served as a basis for the agreement to an identical three to ten year sentence at 12-CR-759.

It is axiomatic that a defendant cannot agree to an illegal sentence. *See Commonwealth v. Gentry*, 101 A.3d 813, 819 (Pa.Super. 2014) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance.") (citation omitted). Appellant's sentence at 12-CR-33 was illegal, and this court must vacate an illegal sentence. *Orie Melvin*, *supra*.

Moreover, the suggestion of both the PCRA court and the Commonwealth that the sentence at 12-CR-759 stands of its own accord is simply not reconcilable with the record. Indeed, the sentence at 12-CR-759 comprises the same three to ten year term applicable in the mandatory

minimum sentence precisely because it was intended to run with and expire at the same time as the mandatory minimum sentence.[1]  Because the sentence at 12-CR-759 was effectively based on the illegal sentence at 12-CR-33, we must vacate this sentence as well.

Accordingly, the appropriate remedy in a case such as this, where the parties have negotiated an illegal sentence under **Alleyne**, is to return the parties to their positions prior to the entry of the guilty plea by vacating the plea.  **Melendez–Negron**, **supra**.  We are compelled, therefore, to reverse the order denying PCRA relief, vacate the guilty plea, and remand for further proceedings.[2]

_____

[1] In this regard, it is noteworthy that Appellant agreed to a three to ten year sentence at 12-CR-759 even though it represented an upward departure sentence from the aggravated range.  The Basic Sentencing Matrix applicable to Appellant's November, 2011, delivery of less than 2.5 grams of cocaine, which carried an offense gravity score of 6 and a prior record score of 5, set the standard range sentence at 21 to 27 months' incarceration, with +/- 6 months for the aggravating or mitigating range. **See** 42 Pa.C.S.A. § 9721, 204 Pa.Code § 303.16 (Amended Feb. 9, 2005, applicable to offenses committed on or after June 3, 2005, 35 Pa.B. 1508. Readopted Sept. 6, 2008, applicable to offenses committed on or after Dec. 5, 2008, 38 Pa.B. 4971.).

[2] Because Appellant has established his indigence in order to proceed IFP, the trial court upon remand shall appoint counsel to represent Appellant.

Order reversed. Guilty plea vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2016