J-S75026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON PEREZ | |
| Appellant | No. 2438 EDA 2015 |

Appeal from the PCRA Order August 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0807921-2005

BEFORE:  BOWES, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                **FILED NOVEMBER 15, 2016**

Jason Perez appeals from the August 3, 2015 order of the Court of Common Pleas of Philadelphia County denying his second amended petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9545.  We affirm.

On December 18, 2006, a jury convicted Perez and his co-defendant, Jeffrey Dawkins, of first-degree murder, criminal conspiracy, carrying a firearm without a license, and possessing instruments of crime.[1]  The convictions stemmed from the shooting death of Bryan Green at a bar in Philadelphia on March 28, 2004.

The PCRA court set forth the procedural history of this case as follows:

---

[1] 18 Pa.C.S. §§ 2502(a), 903, 6106, and 907(a), respectively.

On [December 18, 2006], this Court sentenced [Perez] to the mandatory term of life imprisonment. Post-sentence motions were filed on December 28, 2006, and were denied by operation of law on April 27, 2007. On April 7, 2008, the Superior Court affirmed [Perez's] judgment of sentence and, on September 9, 2008, our Supreme Court denied [Perez's] petition for allowance of appeal.

On October 20, 2008, [Perez] filed a *pro se* petition pursuant to the [PCRA]. Counsel was appointed and, on July 1, 2010, filed an amended petition. On October 14, 2010, the Commonwealth filed a motion to dismiss. After reviewing the pleadings and conducting an independent examination of the record, on November 16, 2010, this Court sent [Perez] notice of its intent to deny and dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). Consistent with its 907 Notice, on December 23, 2010, this Court denied and dismissed [Perez's] PCRA petition. [Perez] filed a timely notice of appeal. On April 17, 2012, the Superior Court affirmed this Court's denial and dismissal of [Perez's] petition and, on September 13, 2012, our Supreme Court denied [his] petition for allowance of appeal.

On November 1, 2012, [Perez] filed a second, untimely PCRA petition, and on June 20, 2013, [he] filed an amended petition. Due to the nature of [Perez's] claims, on August 25, 2014, this Court directed that counsel be appointed; counsel filed an amended petition on September 23, 2014. PCRA counsel filed a supplemental amended petition on December 3, 2014. On December 19, 2014, the Commonwealth agreed to a hearing on Dawkins' claims of newly-discovered evidence, in which [Perez] joined.

PCRA Ct. 1925(a) Opinion, 12/14/15, at 1-3 (footnotes and citations omitted) ("1925(a) Op.").

In his second amended PCRA petition, Perez asserted a claim of after-discovered evidence based on the affidavits of three alleged eyewitnesses to the March 28, 2004 murder: Chamar Brown, Donald Williams, and Brian

Perry. In the affidavits, each eyewitness disavowed his prior trial testimony or written statement identifying Perez as the victim's killer. Perez asserted that the witnesses' prior inconsistent testimony and statements were the result of police coercion.

The PCRA court held a three-day evidentiary hearing on Perez's PCRA petition on March 9, March 10, and July 1, 2015.[2] At the hearing, Perez presented the testimony of Brown, Williams, Perry, and Damian Evans, another alleged eyewitness to the murder who disavowed his prior written statement to police. The Commonwealth presented the testimony of several police officers and detectives involved in the underlying homicide investigation.

On August 3, 2015, the PCRA court dismissed Perez's PCRA petition. The PCRA court concluded that although Perez had proven an exception to the PCRA's one-year time-bar, Perez had failed to prove the merits of his after-discovered-evidence claim. *See* PCRA Order, 8/3/15, at 1; 1925(a) Op. at 11-12.[3] Perez timely appealed to this Court.

_____

[2] On March 13, 2015, Perez and co-defendant Dawkins also filed a joint petition for post-conviction DNA testing. After an evidentiary hearing, the PCRA court denied the petition, concluding "that nothing existed on which DNA testing could be attempted." 1925(a) Op. at 3. Perez does not challenge that ruling on appeal.

[3] "[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, the
*(Footnote Continued Next Page)*

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Id.***

On appeal, Perez asserts that the PCRA court erred in denying Perez a new trial where Perez's new evidence demonstrated his innocence and would have resulted in a different verdict had it been presented at trial. We disagree.

*(Footnote Continued)* ——————————

Pennsylvania Supreme Court denied Perez's petition for allowance of appeal on September 9, 2008. Perez did not seek review with the United States Supreme Court, so his judgment of sentence became final 90 days later, on December 9, 2008. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. R. 13. Perez had one year from that date, or until December 9, 2009, to file a timely PCRA petition. Thus, the instant PCRA petition, filed on November 1, 2012, was facially untimely.

In his petition, Perez asserted the "new-facts" exception to the one-year time bar. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007); ***Brown***, 111 A.3d at 176-77. To invoke this exception, the petitioner must prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). The petitioner also must file the petition within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). "Once jurisdiction is established, the petitioner can present a substantive after-discovered-evidence claim" under Section 9543(a)(2)(vi). ***Brown***, 111 A.3d at 176. Here, the PCRA court found that Perez satisfied the new-facts exception and, thus, that it had jurisdiction to consider the merits of Perez's after-discovered-evidence claim. 1925(a) Op. at 11-12.

- 4 -

To succeed on an after-discovered-evidence claim under Section 9543(a)(2)(vi), the petitioner must establish that the evidence: (1) was discovered after trial and could not have been obtained at or before trial through reasonable diligence; (2) is not cumulative; (3) is not being used solely to impeach credibility; and (4) would likely compel a different verdict. *Commonwealth v. D'Amato*, 856 A.2d 806, 824 (Pa. 2004).

Here, the PCRA court considered the testimony of each of Perez's witnesses and thoroughly explained its reasons for discrediting their testimony. 1925(a) Op. at 11, 13-32. The PCRA court "assessed the demeanor of the witnesses, the substance of their testimony, as well as the substance of their prior statements and testimony, and found that the witnesses were not credible." *Id.* at 11. We are bound by the PCRA court's credibility determinations when they are supported by the record. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 99 (Pa. 1998).

In denying Perez's petition, the PCRA court concluded:

> Even when considered in totality, the testimony of Brown, Williams, Perry, and Evans was not credible and failed to establish that the police engaged in a pattern and practice of coerciveness in order to get the witnesses to identify [Perez] and his co-defendant. It was this Court's responsibility at the PCRA stage to assess the credibility of the witnesses presented, and to determine whether the nature and quality of the evidence was such that there was a reasonable probability that the jury would have credited it and rendered a more favorable verdict. With respect to this claim, this Court recognized that all four witnesses would have been impeached at trial with the testimony of the officers who took their statements, as well as with the pervasive inconsistencies in their testimony. When the statements of these four witnesses are viewed as a whole,

> they fail to demonstrate that the police engaged in a pattern and practice of coercion in investigating this case.

1925(a) Op. at 32 (citation omitted).

Based on our review of the record, Perez's brief,[4] and the applicable law, we conclude that the record supports the PCRA court's factual findings and credibility determinations and that the PCRA court's conclusions are free of legal error.

Order affirmed.[5]

_____

[4] This Court twice granted the Commonwealth an extension of time to file its brief. The final extension set the deadline as July 5, 2016. As of the date of this memorandum, the Commonwealth has not filed a brief. This failure, particularly after requesting and receiving two extensions, is both surprising and disappointing.

[5] In his brief, Perez incorporates the arguments made by co-defendant Dawkins in his PCRA appeal before this Court. *See* Perez's Br. at 11 (citing Pa.R.A.P. 2137). Rule 2137 applies to appeals with more than one appellant and consolidated appeals. Perez and Dawkins filed separate appeals, which are related but not consolidated. Even if we were to accept Perez's incorporation of Dawkins' arguments, Perez would not be entitled to relief. The only issue Dawkins argued that Perez did not address in his brief is whether the PCRA court erred in merging the jurisdictional and merits analyses at the hearing, thereby precluding Perez from presenting certain evidence related to police coercion. Like Dawkins, Perez failed to raise this issue in his Pennsylvania Rule of Appellate Procedure 1925(b) statement. For that reason, and for the additional reasons stated in our memorandum in Dawkins' appeal, *see Commonwealth v. Dawkins*, No. 2680 EDA 2015, unpublished memorandum at 5-9 (Pa.Super. filed Nov. 15, 2016), this claim fails.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2016