J-S80021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL VESTAL | |
| Appellant | No. 1786 MDA 2015 |

Appeal from the PCRA Order entered September 11, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0001279-2011, CP-40-CR-0002528-2012, CP-40-CR-0003806-2012, CP-40-CR-0002333-2013

BEFORE: LAZARUS, STABILE, and RANSOM, JJ.

JUDGMENT ORDER BY STABILE, J.:            **FILED FEBRUARY 27, 2017**

Appellant, Nathaniel Vestal, appeals from the September 11, 2015 order entered in the Court of Common Pleas of Luzerne County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Appellant, who entered into a negotiated plea on January 21, 2014 and whose March 21, 2014 sentence included a mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(2), contends the PCRA court erred in determining that plea counsel was not ineffective in light of counsel's failure to challenge an illegal mandatory minimum sentence in the wake of **Alleyne v. United States**, 133 S.Ct. 2151 (2013). We agree.

In its Rule 1925(a) opinion, the PCRA court explained that appellate decisions subsequent to the denial of Appellant's PCRA petition have guided

the court's judgment to conclude plea counsel was in fact ineffective for failing to object to imposition of a mandatory minimum sentence. PCRA Court Opinion, 5/11/16, at 2. The Commonwealth agrees, acknowledging that Appellant's case is governed by **Commonwealth v. Melendez-Negron**, 123 A.3d 1087 (Pa. Super. 2015), and that PCRA counsel's failure to challenge Appellant's mandatory minimum sentence post-**Alleyne** constitutes ineffectiveness. Commonwealth Brief at 7.

Although Appellant seeks a remand for resentencing, or alternatively reinstatement of his appeal rights, we agree with the PCRA court and with the Commonwealth that this case is governed by **Melendez-Negron** where we recognized "that the shared misapprehension that the mandatory minimum sentence . . . applied to Melendez-Negron tainted the parties' negotiations at the outset. . . . [T]he parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning." **Melendez-Negron**, 123 A.3d at 1094. Therefore, we not only reverse the PCRA court's order denying Appellant's PCRA petition, but we also vacate his judgment of sentence and his guilty plea and remand for further proceedings. **See also Commonwealth v. Lenhoff**, 796 A.2d 338, 343 (Pa. Super. 2002).

Order reversed. Judgment of sentence vacated. Guilty plea vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017