J-S16014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLAND WILLIAM NAPPER | |
| Appellant | No. 724 WDA 2016 |

Appeal from the PCRA Order April 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010388-2012
CP-02-CR-0016131-2013

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:          **FILED AUGUST 22, 2017**

Kyland William Napper appeals from the April 19, 2016 order of the Allegheny County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  Because we conclude that the PCRA court erred in dismissing Napper's petition as untimely, we reverse and remand.

On June 30, 2014, Napper entered negotiated guilty pleas in five separate cases, two of which are the subject of this appeal.  In case number CP-02-CR-0010388-2012, Napper pled guilty to two counts of possession of a controlled substance with intent to deliver ("PWID"), two counts of possession of a controlled substance, one count of possession of drug

_____

[*] Retired Senior Judge assigned to the Superior Court.

paraphernalia, one count of receiving stolen property, and one count of criminal conspiracy.[1] In case number CP-02-CR-0016131-2013, Napper pled guilty to two counts of delivery of a controlled substance and two counts of PWID.[2]

At sentencing, the parties and the trial court discussed on the record Napper's eligibility for a recidivism risk reduction incentive ("RRRI") sentence. At the time, Napper was awaiting trial in Westmoreland County on drug-related offenses, including one count of drug delivery resulting in death, 18 Pa.C.S. § 2506(a). The Commonwealth argued that because Napper was awaiting prosecution in the Westmoreland County case, he was ineligible for RRRI under 61 Pa.C.S. § 4503.[3] The trial court agreed and

_____

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), 18 Pa.C.S. §§ 3925(a) and 903(a)(1), respectively.

[2] 35 P.S. §§ 780-113(a)(16) and 780-113(a)(30), respectively.

[3] Section 4503 of the Prisons and Parole Code defines "[e]ligible offender" for purposes of RRRI, in relevant part, as follows:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the [D]epartment [of Corrections] and who . . . **[i]s not awaiting trial or sentencing for additional criminal charges**, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

61 Pa.C.S. § 4503 (emphasis added). At sentencing, the Commonwealth stated that if Napper were convicted of drug delivery resulting in death in Westmoreland County, that conviction would render him ineligible for RRRI. N.T., 6/30/14, at 27.

- 2 -

determined that Napper was ineligible for RRRI. The following exchange then occurred:

> [DEFENSE COUNSEL]: Your Honor, just so that I am clear, you may or may not know the answer to this, if he's deemed ineligible at this point, if his other case is resolved in a manner where that charge no longer exists, does it then come back before Your Honor for purposes of determining his eligibility at that point?
>
> THE COURT: It's my understanding, although I don't want to make any promises, it's my understanding that should the –
>
> . . .
>
> THE COURT: – should the case that we're discussing involving the drug overdose death be resolved in a way that would make him – that would not exclude him from RRRI eligibility, I would then either by the State Parole Board be notified by letter of his – of their understanding of his eligibility or counsel, any of the three of you could raise that issue before me and then I would –
>
> [DEFENSE COUNSEL]: We haven't lost that, considering that's going to be farther out obviously from ten days of today's date.
>
> THE COURT: Correct. That is – correcting sentences is always – it's not subject to the ten-day rule.
>
> [DEFENSE COUNSEL]: Okay, thank you.
>
> THE COURT: Correcting a sentence is always something I can do on a motion of counsel. So to the extent that [Napper] later becomes RRRI eligible, I would reconsider that and impose the RRRI minimum. Today, I do not believe he is, and I will not sentence him to a[n] RRRI minimum.

N.T., 6/30/14, at 29-30. At the conclusion of the hearing, the trial court sentenced Napper to an aggregate term of 5 to 10 years' incarceration in case numbers CP-02-CR-0010388-2012 and CP-02-CR-0016131-2013.

On September 17, 2015, a jury acquitted Napper of all charges in the Westmoreland County case. On November 13, 2015, Napper filed a motion to correct sentence in case numbers CP-02-CR-0010388-2012 and CP-02-CR-0016131-2013, asking the trial court to amend Napper's sentence to include the RRRI minimum due to his acquittal in the Westmoreland County case. The trial court denied the motion on November 30, 2015, concluding that it lacked jurisdiction to modify Napper's sentence.

On December 11, 2015, Napper filed a motion for reconsideration, asking the trial court to treat his prior motion as a first PCRA petition and to amend his sentence to include the RRRI minimum. On December 17, 2015, the PCRA court granted reconsideration, converted Napper's motion into a PCRA petition, and ordered the Commonwealth to file a response. On March 16, 2016, after receiving the Commonwealth's response, the PCRA court issued notice of its intent to dismiss the PCRA petition as untimely. On April 19, 2016, the PCRA court entered an order dismissing Napper's PCRA petition.

On appeal, Napper raises the following issues:

I. Was Mr. Napper's PCRA petition timely filed since he pleaded and proved an exception to the PCRA?

II. Is Mr. Napper currently serving an illegal sentence since he is eligible for RRRI sentencing?

Napper's Br. at 4 (full capitalization omitted).

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

We must first address the timeliness of Napper's PCRA petition, which is a jurisdictional requisite. *See Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). In the absence of an applicable exception, a petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, Napper did not file a direct appeal from his judgment of sentence, so his judgment of sentence became final 30 days later, on July 30, 2014. *See* 42 Pa.C.S. § 9545(b)(3). He had one year from that date, or until July 30, 2015, to file a timely PCRA petition. Thus, the instant PCRA petition, filed on November 13, 2015, was facially untimely.

To overcome the time bar, Napper was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42

- 5 -

Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Napper must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Napper asserted the new-facts exception to the one-year time bar. Specifically, Napper averred:

> 24. The "new fact" alleged by Mr. Napper is that, [in the Westmoreland County case], the jury found him not guilty of Drug Delivery Resulting in Death, the charge that initially made him ineligible to receive a[n] RRRI minimum sentence.
>
> 25. This fact was unknown to [Napper] until September 17, 2015, when the jury rendered its verdict.
>
> 26. Mr. Napper diligently filed the instant PCRA petition on November 13, 2015, which was within 60 days of the date the claim could have been presented.

Mot. to Reconsider, 12/11/15, ¶¶ 24-26. The PCRA court, however, rejected this claim. The PCRA court determined that Napper's acquittal in the Westmoreland County case was not a new fact under section 9545(b)(1)(ii) of the PCRA. Citing **Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011), the PCRA court concluded that Napper's acquittal was subsequent decisional law and, thus, "not a fact for PCRA purposes." Opinion, 11/21/16, at 4 ("1925(a) Op."). We disagree.

The Pennsylvania Supreme Court has explained the difference between "law" and "fact" for purposes of section 9545(b)(1)(ii) of the PCRA as follows:

> Black's Law Dictionary explains the distinction thusly: "Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been

- 6 -

according to or in contravention of the rule." Black's Law Dictionary 592 (6th ed. 1991). Put another way, "A 'fact,' as distinguished from the 'law,' . . . [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law." *Id.* Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

*Watts*, 23 A.3d at 986-87. The Supreme Court ultimately held "that subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Id.* at 987.

We agree with Napper that his acquittal in the Westmoreland County case was not subsequent decisional law but a new fact under section 9545(b)(1)(ii). Under *Watts*, the acquittal was neither a "principle" nor a "rule of duty"; rather, it was an "event" previously unknown to Napper that could not have been ascertained earlier by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007) (stating that section 9545(b)(1)(ii) "simply requires [the] petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence'") (quoting 42 Pa.C.S. § 9545(b)(1)(ii)). Moreover, the acquittal itself is the basis of Napper's claim for PCRA relief. His petition was not predicated on a change in decisional law or a legal principle, but on the **fact** of his acquittal. As the *Watts* Court stated, "[t]he events that prompted the [legal] analysis, which must be established by presumption or evidence, are regarded as fact." 23 A.3d at 987; *see also Commonwealth*

- 7 -

***v. Crews***, 863 A.2d 498, 502 (Pa. 2004) ("[T]he 'facts' of which the exception speaks are *those on which the PCRA claims are based.*").

Having determined that Napper's acquittal in the Westmoreland County case constitutes a new fact under section 9545(b)(1)(ii), we must determine whether Napper filed his PCRA petition with 60 days of the date the claim could have been raised under section 9545(b)(2). Napper was acquitted in Westmoreland County on September 17, 2015, and he filed his PCRA petition 57 days later, on November 13, 2015. Therefore, Napper's petition was timely filed.

Next, we turn to the merits of Napper's PCRA petition. Napper asserts that the only reason he was deemed ineligible for an RRRI sentence was that he was awaiting prosecution on the charge of drug delivery resulting in death in Westmoreland County. Because he was acquitted of that charge, Napper asserts that he is now eligible for an RRRI sentence, as the trial court indicated at the time of his initial sentencing. Napper averred:

> 7. At the time of sentencing on June 30, 2014, discussion was placed on the record as to [Napper's] eligibility for a[n RRRI] Sentence . . . .
>
> 8. At the time of sentencing [Napper] had an open case in Westmoreland County . . . where he was charged with Drug Delivery Resulting in Death.
>
> 9. The State's attorneys argued that this open case made him ineligible for a[n] RRRI sentence.
>
> 10. The Cou[r]t indicated that if the case in Westmoreland County were resolved in a way that would not preclude [Napper] from a[n] RRRI sentence, that defense counsel could petition The Court requesting a[n] RRRI sentence.

Mot. to Correct Sent., 11/13/15, ¶¶ 7-10. Thus, Napper asked the PCRA court to amend his sentence to include an RRRI sentence.

In its opinion, the PCRA court acknowledged that Napper "would be entitled to a[n] RRRI sentence if he was eligible for resentencing, as the other criminal matter has been resolved." 1925(a) Op. at 5 n.2. However, the PCRA court expressly declined to address the merits of Napper's petition. Recognizing that the PCRA was Napper's "only avenue for relief," the PCRA court concluded that Napper "was unable to establish an exception" to the one-year time bar. *Id.*; *see id.* at 5 ("[T]his Court has no jurisdiction over the substantive issues raised by [Napper].").[4]

Because we have concluded that Napper established an exception to the one-year time bar, the PCRA court erred in dismissing his petition as untimely. Accordingly, we reverse and remand this matter to the PCRA court for consideration of the merits of Napper's PCRA petition.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

_____

[4] On appeal, Napper also argues that his sentence is illegal, which the PCRA court rejected in dictum. *See* Napper's Br. at 4, 12; 1925(a) Op. at 5 n.2. However, Napper did not challenge the legality of his sentence in his PCRA petition, so that claim was not properly before the PCRA court. Rather, Napper merely averred that he is entitled to a corrected sentence consistent with the trial court's statements on the record at the time of sentencing. *See* Mot. to Correct Sent., 11/13/15, ¶¶ 10, 12; Mot. to Reconsider, 12/11/15, ¶¶ 5, 9, 28.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/22/2017</u>