J-S37028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY EDWARDS A/K/A JAMES | : | |
| SMART | : | |
| | : | No. 2398 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order Entered June 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0609411-1974

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 10, 2018**

Anthony Edwards a/k/a James Smart appeals from the order dismissing

his request for relief under the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541-9546. We affirm.

Edwards was convicted of second-degree murder[1] in 1975, and the trial

court sentenced him to one and one half to ten years' incarceration.[2] On

---

*   Former Justice specially assigned to the Superior Court.

[1] At the time of the crime, all murders other than murder of the first degree
constituted second-degree murder. The murder statute was later amended in
1974 to provide for the three-degree scheme presently in effect. **See** 18
Pa.C.S.A. § 2502 (amended March 26, 1974, effective immediately).

[2] Although the criminal docket reads that Edwards was sentenced to a
minimum of three years' incarceration with no maximum, the documents
included in the certified record establish his sentence was one and one half to
ten years' incarceration. **See** Short Writ, dated March 19, 1975.

August 13, 2012, Edwards filed a *pro se* PCRA petition, seeking relief from his 1975 conviction. That same day, he also filed a PCRA petition for his 1999 murder conviction; he included a copy of that petition with his PCRA petition in this case, *i.e.*, the PCRA petition for his 1975 conviction. Both petitions claimed relief under **Miller v. Alabama,** 567 U.S. 460 (2012). The petition for his 1999 conviction was denied as untimely and this Court affirmed. **See Commonwealth v. Edwards A.**, 125 A.3d 457 (Pa.Super. 2015) (unpublished memorandum).

The PCRA court dismissed the instant PCRA petition as moot because Edwards was no longer serving a sentence for the 1975 conviction. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **see also** PCRA Court Opinion, filed 8/21/17, at 1. This timely appeal followed.[3]

On appeal Edwards presents one issue for our review: "In light of the recent rulings [sic] in **Alleyne v. United States**[,] 133 S.Ct. 2151 (2013), [Edwards] is serving an unconstitutional sentence of life imprisonment." Edwards' Br. at 3.

Edwards' argument on appeal challenges his 1999 conviction. He makes no argument relating to his 1975 conviction, which was the subject of the PCRA petition that was the genesis of this appeal. He has therefore waived

---

[3] Edwards filed a "Motion to Modify Appeal Record," where he explained that he was challenging his 1999 conviction rather than his 1975 conviction. **See** Motion to Modify Appeal Record, filed 2/26/2018, at 2. We denied the motion on March 19, 2018.

any argument relating to his 1975 conviction. Pa.R.A.P. 2119; *see also* *Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa.Super. 2012). In any event, the trial court properly concluded that Edwards is not eligible for PCRA relief because he is no longer serving a sentence of imprisonment, probation, or parole for a Pennsylvania conviction. *See* 42 Pa.C.S.A. § 9543(a)(1)(i).

Our standard of review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's finding will not be disturbed unless there is no support for the finding in the certified record." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015) (quoting *Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa.Super. 2014)).

Here, Edwards is no longer serving a sentence for his 1975 conviction. Edwards' sentence for his 1975 conviction expired in 1985, which is consistent with Edwards' ability to then commit another murder in 1999. Therefore, the trial court did not err in concluding that Edwards was not eligible for PCRA relief because he had completed his sentence. *See Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (holding plain language of PCRA statute requires denial of relief for a petitioner who has finished serving his or her sentence). Therefore, we affirm the order of the trial court denying Edwards' PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/18