J-S47033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALIYL RAA'ID MUHAMMAD | |
| Appellant | No. 1518 MDA 2015 |

Appeal from the PCRA Order July 29, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002967-2002,
CP-22-CR-0003009-2002

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 20, 2016**

Daliyl Raa'Id Muhammad appeals from the order entered in the Court of Common Pleas of Dauphin County denying his fifth petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  After our review, we affirm.

On August 8, 2003, a jury convicted Muhammad of attempted murder, robbery, conspiracy, aggravated assault, escape, and related charges for his involvement, along with co-defendant Michael Cameron, in the shootings of Jacob Nickol and Derrick Kleugel in Harrisburg. The trial court sentenced Muhammad to an aggregate term of 37 to 90 years' imprisonment. Muhammad filed timely post-sentence motions, which were denied. Muhammad filed a direct appeal.  On August 17, 2004, this Court vacated the judgment of sentence imposed on the aggravated assault conviction,

finding that it should have merged with attempted homicide. This Court affirmed the judgment of sentence in all other respects. Muhammad did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Muhammad filed a *pro se* PCRA petition on June 17, 2005. The court appointed Jeffrey Engle, Esquire, as counsel and on February 8, 2006, Attorney Engle filed a "no-merit" letter and a motion to withdraw. On February 10, 2006, the trial court provided notice of intent to dismiss, **see** Pa.R.Crim.P. 907, and granted counsel's motion to withdraw. Muhammad filed an objection to the Rule 907 notice and the motion to withdraw. On June 29, 2006, the court dismissed Muhammad's PCRA petition. On September 13, 2006, the PCRA court issued an opinion and order confirming dismissal of the petition and granting Attorney Engle's motion to withdraw. On September 29, 2006, Muhammad appealed this order, and this Court affirmed. On November 13, 2007, Muhammad filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which the Court denied on June 4, 2008.

On February 13, 2009, Muhammad filed a petition for writ of habeas corpus and a petition for immediate hearing in the Pennsylvania Supreme Court. The Court denied both petitions.

On April 24, 2009, Muhammad filed a *pro se* Motion to Take Judicial Notice and an Independent Action; the trial court dismissed both. Muhammad then filed a *pro se* PCRA petition on May 23, 2011, and the court appointed counsel, Jonathan Crisp, Esquire, to represent him. On July 25,

2011, Attorney Crisp filed a "no merit" letter and a motion to withdraw, which the court granted on August 9, 2011. On August 17, 2011, the court dismissed Muhammad's PCRA petition as untimely. Muhammad filed a *pro se* appeal on September 12, 2011, and this Court affirmed.

Muhammad filed his fourth PCRA petition on May 31, 2013. The court appointed Attorney Dana Wucinski, Esquire. Attorney Wucinski petitioned to withdraw on September 23, 2013. The court granted her petition and issued a Rule 907 notice of intent to dismiss. On February 11, 2014, the court denied Muhammad's PCRA petition. Muhammad appealed, and this Court affirmed. *See Commonwealth v. Muhammad*, 2015 WL 7729668 (Pa. Super. 2015).

Muhammad filed his fifth PCRA petition on March 9, 2015, in which he claimed that based on the affidavit of co-defendant Michael Cameron he is entitled to relief. He claims that this information came to his attention while the denial of his fourth PCRA was on review in this Court. The PCRA Court denied relief, and this appeal followed. Muhammad raises the following issues for our review:

1. Whether the PCRA court erred in denying [Muhammad's] post-conviction petition as untimely filed when he established that his after-discovered fact claim met the plain language of the timeliness exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) and (b)(2), and [is] in accord with *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 1999);

2. Whether [Muhammad] is entitled to relief or remand for an evidentiary hearing based upon the personal affidavits of Michael Cameron and Michael Hill exonerating

[Muhammad] of the crimes charged which meet the miscarriage of justice/actual innocence standard;

3. Whether the PCRA court erred by mis-categorizing Michael Cameron's affidavit as "previously litigated" and misrepresenting the procedural history of this case as it relates to the post-sentencing stage where conflict counsel sabotaged his direct appeal.

Appellant's Brief, at 4.

When reviewing an order granting or denying relief under the PCRA, we must determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id***. (citation omitted). Further, we are bound the PCRA court's credibility determinations when they are supported by the record. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009).

Our standard of review is well settled:

In addressing the grant or denial of post-conviction relief, an appellate court will consider whether the PCRA court's conclusions are supported by record evidence and are free of legal error. To be entitled to PCRA relief, a petitioner must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the errors found in 42 Pa.C.S. § 9543(a)(2), his claims have not been previously litigated or waived, and the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. An issue is previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. An issue is waived if

the petitioner could have raised it but failed to do so before trial, at trial, . . .on appeal, or in a prior state postconviction proceeding.

***Commonwealth v. Keaton***, 545 A.3d 1050, 1060 (Pa. 2012) (citations and quotations omitted).

In his PCRA petition, Muhammad raised the following claim:

On November 6, 2014, Michael Cameron made an affidavit detailing what transpired the night of the crime. Petitioner obtained said evidence on or about November 11, 2014, via family who run petitioner's defense site. At that particular time, an appeal was pending in the Superior Court which prevented petitioner from presenting this evidence at an earlier time. ***See Commonwealth v. Muhammad*** 353 MDA 2014. Said appeal was denied on January 23, 2015, which triggered the (60) day time period to present said evidence. This PCRA has been filed a total of (34) days after the Superior Court had issued its order.

PCRA Petition, filed 3/9/15, at 10. Michael Cameron's affidavit states that in the course of a drug sale, "[t]he guy behind [Muhammad] said something then pulled a gun out . . . . Then he began raising the gun at [Muhammad] while his back was turned. I got scared cause I thought he was going to either shoot [Muhammad] or rob him, so I pulled out my gun and started shooting." Affidavit of Michael Cameron, PCRA Petition, filed 3/9/15. Cameron claimed police threatened him, and so he "decided to take a deal." ***Id.***[1]

_____

[1] Cameron's affidavit is similar to the statement he made in 2003, that it was he (Cameron) who shot first. ***See*** N.T. Sentencing of Michael Cameron, 10/2/2003, at 4-5.

In his *first* PCRA petition, Muhammad raised the issue of whether Cameron's statement amounted to after-discovered evidence that warranted a new trial. There, Muhammad argued that since the jury was allowed to convict him based upon being an accomplice or co-conspirator, Cameron's statement shows that he (Muhammad) never conspired or acted as an accomplice with Cameron. Muhammad further stated that he was not convicted of the charge of former convict not to possess a firearm. Therefore, Muhammad claims, the jury did not believe he was a shooter and only convicted him based upon the actions of Michael Cameron. As such, Muhammad claimed he is entitled to a new trial to determine if he truly conspired or worked as an accomplice together with Cameron to commit the crime of attempted homicide.

The PCRA court determined that Michael Cameron's statement did not exculpate Muhammad for purposes of an after-discovered evidence claim. On appeal, as we have noted above, this Court affirmed the PCRA court's order dismissing that first PCRA petition. **See Commonwealth v. Muhammad**, 944 A.2d 796 (Pa. Super. 2007) (unpublished memorandum). The Supreme Court denied allowance of appeal on June 4, 2008. **See Commonwealth v. Muhammad**, 952 A.2d 676 (Pa. 2008). The issue, therefore, has been previously litigated. **See** 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived."). **See also** 42 Pa.C.S. §§

- 6 -

9544(a)(3) ("For purposes of this subchapter, an issue has been previously litigated if: . . . (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.").

With respect to Muhammad's remaining two claims, we conclude they are both waived. A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Here, Muhammad raises issues two and three for the first time in this appeal.

Finally, we note that we agree with Muhammad's analysis of **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000),[2] and that his petition was timely filed. However, this is of no consequence because his claims

_____

[2] In **Lark**, our Supreme Court stated:

> We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

**Id.** at 588 (footnote omitted).

have been previously litigated or waived. ***See*** 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2).

Order affirmed.

Judge Shogan joins the Memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2016