J-S75025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY DAWKINS | |
| Appellant | No. 2680 EDA 2015 |

Appeal from the PCRA Order August 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-807922-2005

BEFORE:  BOWES, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED NOVEMBER 15, 2016**

Jeffrey Dawkins appeals from the August 3, 2015 order of the Court of Common Pleas of Philadelphia County denying his second amended petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9545.  We affirm.

On December 18, 2006, a jury convicted Dawkins and his co-defendant, Jason Perez, of first-degree murder, criminal conspiracy, carrying a firearm without a license, and possessing instruments of crime.[1]  The convictions stemmed from the shooting death of Bryan Green at a bar in Philadelphia on March 28, 2004.

The PCRA court set forth the procedural history of this case as follows:

_____

[1] 18 Pa.C.S. §§ 2502(a), 903, 6106, and 907(a), respectively.

On [December 18, 2006], this Court sentenced [Dawkins] to the mandatory term of life imprisonment. [Dawkins] did not file post-sentence motions, but filed a timely notice of appeal to the Superior Court on December 29, 2006. On August 6, 2008, the Superior Court affirmed [Dawkins'] judgment of sentence and, on April 1, 2009, our Supreme Court denied [Dawkins'] petition for allowance of appeal.

On April 27, 2009, [Dawkins] filed a *pro se* petition pursuant to the [PCRA]. Counsel was appointed and, on September 24, 2009, filed an amended petition. On January 21, 2010, the Commonwealth filed a motion to dismiss. After reviewing the pleadings and conducting an independent examination of the record, on February 17, 2010, this Court sent [Dawkins] notice of its intent to deny and dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). Consistent with its 907 Notice, on March 26, 2010, this Court denied and dismissed [Dawkins'] PCRA petition. [Dawkins] filed a timely notice of appeal. On April 25, 2011, the Superior Court affirmed this Court's denial and dismissal of [Dawkins'] petition and, on October 17, 2011, our Supreme Court denied [his] petition for allowance of appeal.

On October 5, 2012, [Dawkins] filed a second, untimely *pro se* PCRA petition, and on June 19, 2013, [he] filed a supplemental amended petition. On January 30, 2014, retained counsel, Teri Himebaugh, Esquire, entered her appearance in [Dawkins'] case. PCRA counsel then filed a supplemental memorandum of law on August 5, 2014, and a second supplemental PCRA petition on November 26, 2014. On December 19, 2014, the Commonwealth agreed to a hearing on [Dawkins'] claims of newly-discovered evidence, in which Perez joined. Thereafter, on February 19 2015, Marissa Boyers Bluestine, Esquire, entered her appearance in [Dawkins'] case, and proceeded to represent [Dawkins] *pro bono*, along with retained PCRA counsel, Teri Himebaugh, Esquire.

PCRA Ct. 1925(a) Opinion, 12/18/15, at 1-3 (footnotes and citations omitted) ("1925(a) Op.").

In his second amended PCRA petition, Dawkins asserted a claim of after-discovered evidence based on the affidavits of four alleged eyewitnesses to the March 28, 2004 murder: Chamar Brown, Donald Williams, Brian Perry, and Damien Evans. In the affidavits, each eyewitness disavowed his prior trial testimony or written statement identifying Dawkins as the victim's killer. Dawkins asserted that the witnesses' prior testimony and statements were the result of police coercion.

The PCRA court held a three-day evidentiary hearing on Dawkins' PCRA petition on March 9, March 10, and July 1, 2015.[2] At the hearing, Dawkins presented the testimony of Brown, Williams, Perry, and Evans. Dawkins also testified on his own behalf. The Commonwealth presented the testimony of several police officers and detectives involved in the underlying homicide investigation.

On August 3, 2015, the PCRA court dismissed Dawkins' PCRA petition. The PCRA court concluded that although Dawkins had proven an exception to the PCRA's one-year time-bar, Dawkins had failed to prove the merits of

---

[2] On March 13, 2015, Dawkins and co-defendant Perez also filed a joint petition for post-conviction DNA testing. After an evidentiary hearing, the PCRA court denied the petition, concluding "that nothing existed on which DNA testing could be attempted." 1925(a) Op. at 3. Dawkins does not challenge that ruling on appeal.

J-S75025-16

his after-discovered-evidence claim. *See* PCRA Order, 8/3/15, at 1; 1925(a) Op. at 9.[3] Dawkins timely appealed to this Court.

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez–Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Id.***

---

[3] "[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super.), ***app. denied***, 125 A.3d 1197 (Pa. 2015). A petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, the Pennsylvania Supreme Court denied Dawkins' petition for allowance of appeal on April 1, 2009. Dawkins did not seek review with the United States Supreme Court, so his judgment of sentence became final 90 days later, on July 1, 2009. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. R. 13. Dawkins had one year from that date, or until July 1, 2010, to file a timely PCRA petition. Thus, the instant PCRA petition, filed on October 5, 2012, was facially untimely.

In his petition, Dawkins asserted the "new-facts" exception to the one-year time-bar. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007); ***Brown***, 111 A.3d at 176-77. To invoke this exception, the petitioner must prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). The petitioner also must file the petition within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). Here, the PCRA court found that Dawkins satisfied the new-facts exception and, thus, that it had jurisdiction to consider the merits of Dawkins' after-discovered-evidence claim. 1925(a) Op. at 9.

- 4 -

On appeal, Dawkins makes two related claims – one concerning the conduct of the PCRA hearing and one concerning the merits of his petition. As to the hearing, Dawkins asserts that the PCRA court erred in "engraft[ing] a merit-based analysis to its jurisdictional analysis when it handled [the] PCRA evidentiary hearing" and in making "merit-based credibility" determinations. Dawkins' Br. at 29, 31. Dawkins contends that as a result, the PCRA court "denied [him] a full and fair hearing" and, in particular, "denied [his] ability to develop his timely-pled claims of police coercion and intimidation." *Id.* at 33-34. Although Dawkins is correct that, at times during the three-day hearing, the trial court did not properly separate the two inquires – whether Dawkins had established an exception to the PCRA time-bar and, if so, whether he was entitled to relief – Dawkins' claim fails.

In **Brown**, this Court explained the interplay between the new-facts exception to the PCRA time-bar and an after-discovered-evidence claim as follows:

> [A] facially untimely PCRA petitioner attempting to raise a substantive after-discovered-evidence claim [under Section 9543(a)(2)(vi)] must first establish jurisdiction by pleading and proving an exception to the PCRA time-bar. . . . [T]he "new facts" exception set forth at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. Rather, to establish jurisdiction under Section 9545(b)(1)(ii), a petitioner must allege and prove (a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts.

111 A.3d at 179. "Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim [under Section 9543(a)(2)(vi)]." *Id.* at 176. Recently, our Supreme Court further clarified the distinction between these two inquiries, stating:

> The distinction between the use of the terms "facts" in section 9545(b)(1)(ii) and "evidence" in section 9543(a)(2)(vi) underscores their separate functions. . . . The function of a section 9545(b)(1)(ii) analysis is that of a gatekeeper. Its inquiry, therefore, is limited to considering only the existence of a previously unknown fact that would allow a petitioner to avoid the strict one year time-bar. In contrast, the purpose of an inquiry under section 9543(a)(2)(vi) is to ensure that the claim presented is cognizable under the PCRA, and so it requires a more thorough analysis. As such, the matter upon which the claim is based is assessed in terms of its evidentiary merit, by considering the purpose for which it would be used and its potential impact on the outcome of trial. Through consideration of these factors, section 9543 assists the goal of the PCRA to provide relief to the wrongfully convicted by ferreting out colorable claims of wrongful convictions.

*Commonwealth v. Cox*, 146 A.3d 221, 229 n.11 (Pa. 2016).

Here, it appears that in discussing the scope of the proceedings with counsel, the PCRA court did not clearly distinguish the timeliness inquiry under Section 9545(b)(1)(ii) from the after-discovered-evidence inquiry under Section 9543(a)(2)(vi). *See* N.T., 3/10/15, at 51-61. The PCRA court also sustained the Commonwealth's objections to defense counsel's inquiries about aspects of the police investigation not directly related to the testimony of the four witnesses, apparently on the ground that the PCRA court needed to address timeliness first. *See id.* at 62-66. Dawkins asserts that if the

PCRA court had overruled the Commonwealth's objections to that line of questioning, the record would have established that Dawkins' newly discovered evidence, had it been presented to the jury, would have changed the outcome of his trial. This claim fails for two reasons.

First, Dawkins did not raise this evidentiary issue in his Pennsylvania Rule of Appellate Procedure 1925(b) statement. It is well settled that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived.'" *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see Commonwealth v. Riggle*, 119 A.3d 1058, 1070 (Pa.Super. 2015). Therefore, Dawkins has waived this claim.

Second, even if Dawkins had properly preserved this claim, the PCRA court's conclusion that none of the four witnesses was credible precludes relief. It is well settled that "recantation evidence 'is notoriously unreliable, particularly where the witness claims to have committed perjury.'" *Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004) (citation omitted). As Dawkins acknowledges, *see* Dawkins' Br. at 40, our Supreme Court has stated that "[t]he trial court has the responsibility of judging the credibility of the recantation [and] [u]nless the trial court is satisfied that the recantation is true, it should deny a new trial." *Commonwealth v. Henry*, 706 A.2d 313, 321 (Pa. 1997) (internal citation omitted).[4]

_____

[4] We recognize that Brown and Evans did not testify at Dawkins' trial, so their PCRA testimony is not true recantation evidence. *See (Footnote Continued Next Page)*

After observing the testimony of the four witnesses, the PCRA court found their testimony incredible. In its opinion, the PCRA court explained in careful detail its reasons for disbelieving each of the four witnesses. *See* 1925(a) Op. at 12-32. We are bound by the PCRA court's credibility determinations when they are supported by the record. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 99 (Pa. 1998). Because Dawkins' sole basis for claiming a right to a new trial was the after-discovered recantation testimony, once the PCRA court discredited that testimony, other details of the police investigation were irrelevant.[5]

Moreover, there is nothing in the record to suggest that the PCRA court would have made different credibility determinations had the complained-of objections been overruled. Dawkins' failure to raise this evidentiary issue in either his post-hearing brief to the PCRA court or his Rule 1925(b) statement belies his present claim of harm from those rulings. In fact, in his post-hearing brief, Dawkins acknowledged that "[b]ased on the strength of [his] Petition for Post-Conviction Relief, [the PCRA court]

---

*(Footnote Continued)*

*Commonwealth v. Solano*, 129 A.3d 1156, 1180 (Pa. 2015). However, because their PCRA testimony contradicted their pre-trial statements to police, "we view [them] with the same 'jaundiced eye'" as recantation evidence. *Id.* (citation omitted). Williams and Perry, on the other hand, did testify at trial.

[5] In any event, we note that later in the hearing, Dawkins' counsel was able to inquire about some police interrogation issues without objection. *See* N.T., 7/1/15, at 205-06, 213-15.

granted . . . Dawkins a hearing to test the credibility of the witnesses presented." Dawkins' Post-Hr'g Submission, 7/27/15, at 1-2. As our Supreme Court has observed, "one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone." **Commonwealth v. Johnson**, 966 A.2d 523, 539 (Pa. 2009).

Next, Dawkins claims that the PCRA court erred in concluding that Dawkins' new evidence, taken together, would not have resulted in a different verdict had it been presented at trial. Largely for the reasons discussed above, we disagree.

To succeed on an after-discovered-evidence claim under Section 9543(a)(2)(vi), the petitioner must establish that the evidence: (1) was discovered after trial and could not have been obtained at or before trial through reasonable diligence; (2) is not cumulative; (3) is not being used solely to impeach credibility; and (4) would likely compel a different verdict. **D'Amato**, 856 A.2d at 824.

As discussed above, the PCRA court considered the testimony of each of Dawkins' witnesses and thoroughly explained its reasons for discrediting their testimony. **See** 1925(a) Op. at 12-32. The PCRA court "assessed the demeanor of the witnesses, the substance of their testimony, as well as the substance of the prior statements and testimony, and found that the witnesses were not credible and that there was not a reasonable probability

- 9 -

that, upon hearing this testimony, the jury would have credited it and rendered a different verdict." *Id.* at 12. The PCRA court ultimately concluded:

> Even when considered in totality, the testimony of Brown, Williams, Perry, and Evans was not credible and failed to establish that the police engaged in a pattern and practice of coerciveness in order to get the witnesses to identify [Dawkins] and his co-defendant. It was this Court's responsibility at the PCRA stage to assess the credibility of the witnesses presented, and to determine whether the nature and quality of the evidence was such that there was a reasonable probability that the jury would have credited it and rendered a more favorable verdict. With respect to this claim, this Court recognized that all four witnesses would have been impeached at trial with the testimony of the officers who took their statements, as well as with the pervasive inconsistencies in their testimony. When the statements of these four witnesses are viewed as a whole, they fail to demonstrate that the police engaged in a pattern and practice of coercion in investigating this case.

*Id.* at 32 (citation omitted). Based on our review of the certified record, Dawkins' brief,[6] and the applicable law, we conclude that the record supports the PCRA court's factual findings and credibility determinations and that the PCRA court's conclusions are free of legal error.

Order affirmed.

---

[6] On June 1, 2016, this Court granted the Commonwealth's request for an extension of time to file its brief, setting the new deadline as August 1, 2016. As of the date of this memorandum, the Commonwealth has not filed a brief. This failure is both surprising and disappointing, given the significance of the case and the nature of Dawkins' arguments on appeal.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/15/2016</u>