J-S02036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR BLANT | |
| Appellant | No. 2020 EDA 2016 |

Appeal from the PCRA Order June 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1011251-1994

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                     **FILED MAY 25, 2017**

Victor Blant appeals, *pro se*, from the June 3, 2016 order of the Philadelphia County Court of Common Pleas dismissing his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  We affirm.[1]

On November 1, 1995, a jury convicted Blant of second-degree murder, robbery, conspiracy, and possession of an instrument of crime.[2]  On January 4, 1996, the trial court sentenced Blant to life imprisonment for

---

[1] On January 4, 2017, the Commonwealth filed with this Court a motion to accept its brief as timely filed.  The Commonwealth's brief was due on November 23, 2016 but was not filed until January 4, 2017.  Although we generally do not condone untimely filings, we understand the present situation in the Appeals Unit of Philadelphia District Attorney's Office, as outlined in its motion.  Therefore, having found no prejudice to Blant, we grant the Commonwealth's motion and accept its brief as timely filed.

[2] 18 Pa.C.S. §§ 2502(b), 3701(a), 903, and 907(a), respectively.

murder and a concurrent term of 5 to 10 years' imprisonment for robbery. Blant timely appealed to this Court, which affirmed his judgment of sentence in part on January 31, 1997.[3] Blant filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on June 24, 1997.

Blant filed the instant PCRA petition, his third, on August 2, 2012. On April 27, 2016, the PCRA court issued notice of its intent to dismiss the petition under Pennsylvania Rule of Criminal Procedure 907. Blant filed a response to the Rule 907 notice on May 9, 2016. On June 3, 2016, the PCRA court dismissed Blant's petition as untimely.

On appeal, Blant raises the following issues:

1. Did the imposition of [Blant's] life without parole sentence for a homicide offen[s]e violate the Eighth and Fourteenth Amendments' prohibition against cruel and unusual punishments under the United States Constitution and Article I § 13 of the Pennsylvania Constitution? Did the imposition of [Blant's] life without parole sentence for a homicide offen[s]e violate the Fourteenth Amendment equal protection rights found in **Obergefell v. Hodges**[]?

2. Did the PCRA court commit reversible legal error when it denied [Blant's] PCRA Petition when it did not recognize that the United States Supreme Court's ruling in **Miller v. Alabama**, and **Jackson v. Hobbs**, applies to the instant life without parole sentence, for juveniles and those with less developed brains?

Blant's Br. at 4.

---

[3] On direct appeal, this Court vacated Blant's robbery sentence but affirmed the remainder of his judgment of sentence.

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

We must first address the timeliness of Blant's PCRA petition, which is a jurisdictional requisite. *See Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A petitioner must file a PCRA petition within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, the Pennsylvania Supreme Court denied Blant's petition for allowance of appeal on June 24, 1997. Because Blant did not seek review with the United States Supreme Court, his judgment of sentence became final 90 days later, on September 22, 1997. *See* 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. R. 13. Blant had one year from that date, or until September 22, 1998, to file a timely PCRA petition. Thus, the instant PCRA petition, filed on August 2, 2012, was facially untimely.

To overcome the one-year time bar, Blant was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42

Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Blant must have filed his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Blant averred that his petition was timely filed because he asserted a newly recognized constitutional right that was held to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(iii). Blant relied on **Miller v. Alabama**, 132 S.Ct. 2455, 2460 (2012), in which the United States Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed on defendants who were "under the age of 18 at the time of their crimes."[4] Subsequently, in **Montgomery v. Louisiana**, 136 S.Ct. 718, 736 (2016), the Supreme Court held that **Miller** applied retroactively to cases on state collateral review.

Here, Blant was 20 years old at the time he committed the offenses for which he was convicted.[5] This Court has held that **Miller**'s prohibition of life-without-parole sentences does not apply to defendants who were 18 years of age or older at the time of their offenses. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013) (where appellants were 19 and 21 at time of their offenses, "the holding in **Miller** [did] not create a newly-recognized constitutional right that can serve as the basis for relief");

_____

[4] Blant filed the instant PCRA petition within 60 days of the **Miller** decision, thereby satisfying the requirement of section 9545(b)(2).

[5] Blant was born on December 6, 1973 and committed the offenses on July 31, 1994.

*accord Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) (reaffirming *Cintora*'s holding that petitioners who were 18 or older "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"). Therefore, because Blant was 20 years old at the time of his offenses, *Miller* does not apply.

In his brief, Blant contends that even though he was older than 18 at the time of his crimes, *Miller*'s holding should apply to him because his brain was as immature as that of a juvenile. According to Blant, "the adolescent process does not end at the age of 17, but 25." Blant's Br. at 24. However, we rejected this precise argument in *Cintora*. In *Cintora*, the appellants had argued that *Miller* should apply to defendants who were under the age of 25 at the time of their offenses "because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25." 69 A.3d at 764. We stated that the "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

Finally, Blant argues that his sentence of life in prison without the possibility of parole violates the Equal Protection Clause of the Fourteenth Amendment, citing *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015). In

***Obergefell***, the United States Supreme Court held that state prohibitions on same-sex marriage violate the Fourteenth Amendment. We agree with the PCRA court that "***Obergefell*** in no way bears upon [Blant's] own situation of being an adult at the time he committed the murder, and does not demonstrate [his] entitlement to relief under ***Miller***." PCRA Ct. Op., 6/3/16, at 2 n.5.

Accordingly, because Blant failed to plead and prove an exception to the one-year time bar, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2017