J-S06012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JULIO ELIEZER ORTIZ | |
| Appellant | No. 1801 EDA 2016 |

Appeal from the PCRA Order May 11, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000102-2002
CP-39-CR-0000634-2002
CP-39-CR-0001217-2002

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED JUNE 19, 2017**

Julio Eliezer Ortiz appeals, *pro se*, from the May 11, 2016 order entered in the Lehigh County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 5, 2002, a jury convicted Ortiz of first-degree murder, robbery, and criminal conspiracy.[1]  On September 6, 2002, the trial court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 3701(a)(1)(i), 903(a)(2), respectively.  The murder and robbery charges were at docket no. CP-39-CR-102-2002 and the conspiracy charge was at docket no. CP-39-CR-634-2002.

sentenced Ortiz to an aggregate term of life in prison plus 27 to 60 years' incarceration. On August 20, 2003, this Court affirmed.

On June 15, 2004, Ortiz pled *nolo contendere* to another charge of criminal conspiracy[2] at docket no. CP-39-CR-0001217-2002. The same day, the trial court sentenced Ortiz to 120 to 240 months' incarceration, to run concurrently with his previous sentence.

On June 29, 2004, Ortiz filed his first PCRA petition, which the PCRA court denied. On August 15, 2007, this Court remanded to the trial court for appointment of new counsel. On January 7, 2008, this Court affirmed and granted counsel's motion to withdraw.

The current PCRA court described the subsequent history as follows:

> On November 27, 2012, [Ortiz] filed a second *pro se* PCRA petition. On January 11, 2013, an order was entered placing [Ortiz] on notice of the court's intent to dismiss his PCRA petition without a hearing due to his failure to comply with the timeliness requirements of the PCRA. *See* Pa.R.Crim.P. 907. [Ortiz] was given twenty days to respond. A Motion for Extension of Time to File an Answer to the Court's Intention to Dismiss Without a Hearing was granted and [Ortiz] was afforded forty-five additional days to respond. On March 26, 2013, [Ortiz] filed a response which failed to meet an exception to the timeliness requirements of the PCRA. Accordingly, his petition was dismissed on March 27, 2013.
>
> On April 26, 2013, [Ortiz] filed a Notice of Appeal from the dismissal of his second PCRA petition. The Superior Court affirmed the Court's dismissal of the PCRA petition on December 24, 2013.

---

[2] 18 Pa.C.S. § 903(a)(2).

The instant matter was initiated by [Ortiz] submitting a *pro se* motion entitled "State Writ of Habeas Corpus Also Cognizable Under a State Post Conviction Relief Act," filed on March 11, 2016. Upon review, the Court observed that this was a subsequent PCRA petition for Case Numbers CP-39-CR-102-2002 and CP-39-CR-634-2002. However, in Case Number CP-39-CR-1217-2002, [Ortiz] had not previously filed a PCRA petition. This rendered the instant petition his first PCRA. As an exercise of caution, the Court appointed the Lehigh County Public Defender to represent [Ortiz] in his PCRA petition.[1]

> [1] See Pa.R.Crim.P. 904 (court must appoint counsel for first PCRA regardless of underlying merit).

On April 14, 2016, Carol A. Marciano, Esq. of the Lehigh County Public Defender's Office filed a Motion to Withdraw as Counsel, which the Court granted on April 22, 2016. Also on April 22, 2016, the Court placed [Ortiz] on notice of the Court's intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. [Ortiz] filed a *pro se* response to the Court's notice on May 6, 2016.

On May 11, 2016, the Court entered an order dismissing the PCRA as untimely.

[Ortiz] filed a Notice of Appeal on June 10, 2016. The Court directed that he produce a Concise Statement of Matters Complained of on Appeal, which he filed on July 7, 2016.

1925(a) Opinion, 7/14/16, at 1-3 (some alterations in original).

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Id.***

- 3 -

Before we reach the merits of Ortiz's petition, we must determine whether it was timely filed. It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Ortiz's judgment of sentence became final on September 19, 2003, when the time to petition for allowance of appeal with our Supreme Court expired. ***See*** Pa.R.A.P. 1113(a). He had one year from that date, or until September 20, 2004,[3] to file a timely PCRA petition. Therefore, his current petition, filed on March 11, 2016, is facially untimely.

_____

[3] Because September 19, 2004 was a Sunday, Ortiz had until Monday, September 20, 2004 to file a timely PCRA petition. 1 Pa.C.S. § 1908 (When last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation"); Pa.R.A.P. 107 ("Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules . . . .").

Ortiz's petition remains untimely unless it alleges and proves one of the following time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

On appeal, Ortiz contends[4] that the PCRA court erred in dismissing his PCRA petition as untimely because he alleged and proved the new constitutional right exception to the PCRA time bar. *See* 42 Pa.C.S. §

_____

[4] Ortiz's brief does not contain a statement of questions involved as required by Pennsylvania Rule of Appellate Procedure 2116(a). However, because we are able to discern the issue that Ortiz wishes to raise and engage in meaningful appellate review, we will not find this issue waived. *Cf. Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007) ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.")

9545(b)(1)(iii). Ortiz relies on **Miller v. Alabama**, 132 S.Ct. 2455, 2460 (2012), in which the United States Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed on defendants who were "under the age of 18 at the time of their crimes." He also relies on **Montgomery v. Louisiana**, 136 S.Ct. 718, 736 (2016),[5] in which the Supreme Court held that **Miller** applied retroactively to cases on state collateral review.

Ortiz was 24 years old at the time he committed the murder.[6] We have held that **Miller**'s prohibition of mandatory life without parole sentences does not apply to those who were 18 or older at the time of the offense. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013) (concluding that, for appellants, who were 19 and 21 at time of offense, "the holding in **Miller** does not create a newly-recognized constitutional right that can serve as the basis for relief");[7] **see also**

_____

[5] Ortiz filed the instant PCRA petition within 60 days of the **Montgomery** decision, thereby satisfying the requirement of section 9545(b)(2).

[6] Ortiz was born on July 4, 1977 and committed the murder on December 2, 2001.

[7] In **Cintora**, this Court rejected the appellants' argument that it would violate the equal protection clause to not grant them relief pursuant to **Miller**. The appellants argued that **Miller** should apply to those under the age of 25 "because **Miller** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research
*(Footnote Continued Next Page)*

***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa.Super. 2016) (reaffirming ***Cintora***'s holding that petitioners who were 18 or older "at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception").

Because Ortiz was 24 years old at the time of the offenses, ***Miller*** does not apply, and Ortiz has failed to satisfy the new constitutional right exception to the PCRA time bar.  Therefore, we conclude the PCRA court did not err in dismissing the petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/19/2017

---

*(Footnote Continued)* ──────────

indicates that the human mind does not fully develop or mature until the age of 25." ***Cintora***, 69 A.3d at 764.  The Court noted that the appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." ***Id.*** (emphasis in original).