J-S16009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREY LOMAX | |
| Appellant | No. 476 WDA 2016 |

Appeal from the PCRA Order March 2, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001045-2008

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED AUGUST 18, 2017**

Corey Lomax appeals from the March 2, 2016 order entered in the Washington County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 25, 2009, the trial court sentenced Lomax to an aggregate term of 15 to 35 years' incarceration after a jury convicted him of robbery, criminal conspiracy to commit robbery, aggravated assault, and theft by unlawful taking.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(i), 903(a)(1), 2702(a)(1), and 3921(a), respectively.

Lomax filed a post-sentence motion, which the trial court denied on June 12, 2009. He appealed to this Court and we affirmed his judgment of sentence on April 19, 2010. Lomax filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on October 20, 2010. Lomax did not seek review with the United States Supreme Court.

On August 26, 2011, Lomax timely filed a PCRA petition. The PCRA court appointed counsel and, on April 28, 2014,[2] counsel filed an amended PCRA petition. On September 2, 2015, counsel filed a second amended PCRA petition. The PCRA court conducted a hearing on November 25, 2015 and, on March 2, 2016, denied Lomax's PCRA petition. On March 31, 2016, Lomax timely filed a notice of appeal.

Lomax raises the following issue on appeal:

> Whether the Court erred/abused its discretion in denying Count 4 of [Lomax]'s Second Amended PCRA Petition, where the PCRA Court held that trial counsel was not ineffective for failing to object to the trial court's incomplete second jury instruction regarding the crime of aggravated assault finding that said instruction was fair and complete.

Lomax's Br. at 7.

_____

[2] The trial court appointed counsel to represent Lomax on September 1, 2011. On March 19, 2012, Lomax filed a motion for change of counsel due to counsel's failure to take any action in this matter. The certified record does not reflect that the trial court took any action on this motion. On April 28, 2014, previously appointed counsel filed an amended PCRA petition. We found no explanation in the certified record for counsel's delay in filing the amended petition.

- 2 -

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez–Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* "In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007).

The PCRA court, in an opinion by the Honorable Valarie Costanzo, thoroughly addressed Lomax's issue. The PCRA court concluded that Lomax failed to meet any of the ineffectiveness test prongs. Opinion Pursuant to

Pa.R.A.P. 1925(a) Op., 5/26/16, at 8-14.  Regarding the prejudice prong, the PCRA court concluded as follows:

> In this case, the evidence demonstrated that [Lomax] pointed a firearm at the victim, fired the weapon four times, and then ultimately shot the victim in the chest. [Lomax]'s argument on appeal is that if Judge Pozonsky provided the jury with the entire instruction for aggravated assault, that the outcome would have been different. [Lomax]'s argument is simply at odds with reality.  The portion Judge Pozonsky left out during the second reading only concerned the risk needed to convict [Lomax] of aggravated assault with a *mens rea* of recklessness. [Lomax]'s argument assumed that the jury did not convict [Lomax] on the basis that he either intentionally or knowingly committed the crime of aggravated assault. Recklessness is a less specific mental state than that of intentional or knowing conduct, and therefore easier to prove.  Further, the more expansive definition of recklessness that was omitted in Judge Pozonsky's second reading, actually would have worked to [Lomax]'s detriment, as it would have provided the jury with an alternative and lower standard upon which to base a conviction.
>
> As explained in the preceding paragraphs, the language that was omitted during the second reading provided an explanation of what risk was required to convict [Lomax] under the *mens rea* of recklessness for aggravated assault. Based on the content of the omission, there is absolutely no way the outcome of [Lomax]'s trial would have been different if this language were provided.  This Court submits that in light of the allegations against [Lomax], the language would have provided the jury with an *easier* basis to convict [Lomax] of the crime of aggravated assault.

*Id.* at 13-14 (emphasis in original).

We agree with the PCRA court's determination that Lomax fails to meet the prejudice prong.  Because a petitioner must meet all three

- 4 -

ineffectiveness prongs to succeed, **see Ousley**, 21 A.3d at 1244, Lomax's claim of ineffectiveness fails.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2017