J-S06024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTINE PEDRAZA | : | |
| | : | No. 1876 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order May 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1104041-1999

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 13, 2018**

Christine Pedraza appeals *pro se* from the post-conviction court's May 11, 2017 order dismissing, as untimely, her second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On October 14, 1999, Pedraza shot and killed Jennifer Monti in the city of Philadelphia. A jury convicted Pedraza of first-degree murder, aggravated assault, carrying a firearm without a license, and possessing an instrument of crime in July 2000. On October 5, 2000, the trial court sentenced Pedraza to a mandatory term of life imprisonment for first-degree murder, plus an aggregate consecutive term of six to 12 years' incarceration for the remaining convictions.

We affirmed Pedraza's judgment of sentence on May 9, 2002 and our Supreme Court denied further review. *See Commonwealth v. Pedraza*, 804 A.2d 59 (Pa.Super. 2002) (unpublished memorandum), *appeal denied*, 815 A.2d 632 (Pa. 2002). On November 29, 2003, Pedraza filed a timely first PCRA petition. After counsel was appointed, the trial court dismissed Pedraza's petition on January 9, 2006. This Court affirmed on December 13, 2007, and our Supreme Court denied further review. *See Commonwealth v. Pedraza*, 945 A.2d 767 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 952 A.2d 676 (Pa. 2008).

Pedraza filed the instant *pro se* PCRA petition on August 17, 2012, followed by an amended petition on March 3, 2016. The PCRA court dismissed Pedraza's petition as untimely on May 11, 2017. Pedraza filed a timely *pro se* notice of appeal. It does not appear that the PCRA court ordered her to file a Pa.R.A.P. 1925(b) statement.

Pedraza raises the following issues for our review:

A.  Did [Pedraza] timely file a PCRA [petition] and thus it should not have been dismissed as untimely without an evidentiary hearing on the merits?

B. Did Court of Common Pleas [err] in determining that *Graham v. Florida*, *Montgomery v. Louisiana*, and *People v. House*, did not apply to [Pedraza]?

C. Does *Graham v. Florida* and *People v. House* apply to [Pedraza] whose culpability is questionable when age, history of sexual abuse, history of long term drug abuse, extreme duress, and diminished capacity are considered according to recent neuroscience in above-mentioned cases and additional cases under review?

Pedraza's Brief at 2.

Our standard of review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015). However, as a prefatory matter, we must address the timeliness of Pedraza's PCRA petition. "The timeliness of a post-conviction petition is jurisdictional." ***Commonwealth v. Furgess***, 149 A.3d 90, 92 (Pa.Super. 2016) (citation omitted). Pursuant to the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.—**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been

- 3 -

held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In this case, Pedraza's judgment of sentence became final in 2003, after this Court affirmed her judgment of sentence, our Supreme Court denied review, and the period to petition the United States Supreme Court subsequently expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Ct. R. 13. Therefore, Pedraza's instant petition, initially filed in 2012, is patently untimely. Thus, we cannot address the merits of Pedraza's issues unless she meets one of the above-stated exceptions to the PCRA's time bar.

Pedraza attempts to overcome the time bar by asserting the newly-recognized constitutional-right exception set forth in Section 9545(b)(1)(iii). Pedraza relies on **Miller v. Alabama**, 567 U.S. 460, 465 (2012), in which the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole was unconstitutional when imposed on defendants who were under the age of 18 at the time of their crimes. Specifically, the **Miller** court reasoned that "children have a 'lack of maturity and an underdeveloped sense of responsibility,' leading to recklessness, impulsivity, and heedless risk-taking." **Id.** at 471 (quoting **Roper v. Simmons**, 543 U.S. 551, 569 (2005)). Significantly, in

*Montgomery v. Louisiana*, 136 S.Ct. 718, 732 (2016), the Supreme Court held that *Miller* applied retroactively to cases on state collateral review.[1]

However, Pedraza acknowledges that she was 19 at the time of the crime. *See* Pedraza's Brief at 6. Nevertheless, she contends that the rationale underlying the *Miller*/*Montgomery* line of cases should apply to her due to her "youthfulness" at the time of the crime in combination with an "affective disorder and a history of drug abuse, sexual and physical abuse." *Id.* at 20. She argues that various studies have shown that a person's propensity for impulse control, risk assessment, and moral reasoning is not fully developed until an individual's "mid 20's." *Id.* at 14.

However, this Court has previously rejected this precise claim in *Furgess, supra*, and *Commonwealth v. Cintora*, 69 A.3d 759 (Pa.Super. 2013). In *Furgess*, our Court held:

> The *Miller* decision applies to only those defendants who were under the age of 18 at the time of their crimes.
>
> * * *
>
> [Furgess] argues that he nevertheless may invoke *Miller* because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the *Miller* decision, this argument by [Furgess] seeks an *extension* of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding.

---

[1] Pedraza properly filed her amended PCRA petition on March 3, 2016, less than 60 days after *Montgomery* was issued on January 25, 2016. *See* 42 Pa.C.S. § 9545(b)(2).

We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa.Super. 2013). The defendants in **Cintora** were 19 and 21 years old at the times of their crimes, but they argued that **Miller** should apply to them and others whose brains were not fully developed at the time of their crimes. We stated that a contention that a newly-recognized constitutional right **should** be extended to others does not render a petition seeking such an expansion of the right timely pursuant to section 9545(b)(1)(iii).

We also pointed out in **Cintora** that the right recognized in **Miller** had not been held to apply retroactively at the time of that decision and that its non-retroactivity would have been an alternative basis for denial of relief. Because the U.S. Supreme Court in **Montgomery** has since held that **Miller** does apply retroactively, this second reason stated in the **Cintora** opinion is no longer good law. However, nothing in **Montgomery** undermines **Cintora**'s holding that petitioners who were [under the age of 18] at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii). Accordingly, **Cintora** remains controlling on this issue, and [Furgess'] assertion of the time-bar exception at Section 9545(B)(1)(iii) must be rejected.

**Furgess**, 149 A.3d at 94 (citations, original brackets, and most quotations omitted; emphasis in original).

Therefore, pursuant to **Furgess** and **Cintora**, Pedraza has failed to plead and prove an exception to the PCRA's one-year time bar. Accordingly, the PCRA court properly dismissed Pedraza's instant PCRA petition as untimely and we affirm the PCRA court's order denying Pedraza relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/18